**Jeffrey G. RILEY, Petitioner,**

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

**No. 02–3303.**

United States Court of Appeals, Federal Circuit.

Jan. 8, 2003.

———

Before LOURIE, GAJARSA, and LINN, Circuit Judges.

DECISION

PER CURIAM.

Jeffrey G. Riley ("Riley") petitions for review of the decision of the Merit Systems Protection Board ("Board") that dismissed as untimely his petition for review. *Riley v. Dep't of the Army*, 91 M.S.P.R. 336, Nos. AT–0752–96–0127–I–2, AT–0752–96–0389–I–2 (Apr. 29, 2002). Because the Board did not err in concluding that no good reason excused the delay, we *affirm*.

DISCUSSION

I

Riley served as a hydrologic technician with the Department of the Army ("agency") in Jacksonville, Florida. Following a thirty day suspension in November 1995 and a subsequent removal in February 1996, Riley timely appealed both actions to the Board. An administrative judge ("AJ") joined the two appeals. At Riley's request, the AJ dismissed the joined appeals without prejudice, subject to refiling within sixty days from the date of the dismissal. Riley timely refiled the dismissed appeals on May 20, 1996.

On May 31, 1996, Riley filed an additional appeal to the Board from a reconsideration decision by the Office of Personnel Management ("OPM") denying Riley's application for a disability retirement annuity.

In an initial decision dated July 18, 1996, the AJ dismissed the refiled suspension and removal appeals without prejudice, pending a decision on Riley's disability retirement appeal. *Riley v. Dep't of the Army*, Nos. AT–0752–96–0127–I–2, AT–0752–96–0389–I–2 (MSPB July 18, 1996) (Initial Decision). The dismissal allowed Riley to refile the suspension and removal appeals within thirty days of the issuance of the initial decision in Riley's separate

disability retirement appeal. This initial decision became final on August 22, 1996. In a separate initial decision dated October 29, 1996, an AJ reversed OPM's reconsideration decision and found Riley entitled to disability retirement annuity benefits. *Riley v. Office of Pers. Mgmt.*, No. AT–831E–96–0636–I–1 (MSPB Oct. 29, 1996) (Initial Decision). That initial decision became final on November 3, 1996. Riley did not contest any aspect of the disability retirement determination. Riley had been represented by counsel in his refiled suspension and removal appeals through the award of disability benefits in the separate action.

Riley did not act upon the dismissed suspension and removal appeals until March 13, 2002, some five and one-half years after the Board's initial decision in Riley's separate disability retirement appeal. On that date in 2002, acting pro se, he filed with the Board documents identified as "Petition for Review" and "Motion to Reopen an Existing Appeal." Riley alleged violations of "the Civil Rights Act" and sought reinstatement of benefits from the Department of Labor's Office of Workers' Compensation Programs. Riley also sought approval to continue his chosen vocational rehabilitation program and an award of "$299,999 ... for economic loss and intangibles such as pain and suffering, impaired vision, life altering hepatitis and continued dermatitis from repeated exposure to infectious, biological agents or contaminates in the workplace."

After the Clerk of the Board provided Riley with instructions and forms regarding motions for waiver of the filing time limit, Riley filed a petition that included several doctors' statements documenting his skin ailments and treatment. The Board concluded that Riley failed to allege or provide evidence that good cause existed for the late-filed petition. Specifically,

the Board found that Riley failed to establish any connection between his alleged skin condition and treatment and his five and one-half year delay in filing the petition for review. The Board, thus, declined to waive the regulatory time limit for filing the petition. Riley appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## II

Our scope of review in an appeal from a decision of the Board is limited. Specifically, we must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000); *Kewley v. Dep't of Health & Human Servs.*, 153 F.3d 1357, 1361 (Fed.Cir.1998). Before the Board, Riley had the burden of establishing that his delay in filing the petition for review was excusable. *Mendoza v. Merit Sys. Prot. Bd.*, 966 F.2d 650, 653 (Fed.Cir.1992) (en banc). When determining whether an appellant has shown good cause for an untimely filing, the Board considers: (a) the length of the delay; (b) the reasonableness of the appellant's excuse and any showing of due diligence; (c) whether the appellant is proceeding pro se; (d) whether the appellant has presented evidence of the existence of circumstances beyond his or her control that affected the appellant's ability to comply with the applicable time limit; and (e) whether the appellant suffered some unavoidable casualty or misfortune that caused the appellant's filing to be untimely. *Walls v. Merit Sys. Prot. Bd.*, 29 F.3d 1578, 1582 (Fed.Cir.1994). Finally, whether the time limit for a filing deadline should be waived based upon a showing of good cause is a matter entrusted to the Board's discretion, and we will not

substitute our judgment for that of the Board. *Mendoza,* 966 F.2d at 653.

We see no reason to disturb the Board's conclusion that Riley failed to establish good cause for his delay of five and one-half years in filing his petition for review. While Riley submitted to the Board several doctors' statements documenting his skin ailments and treatments, the Board considered these statements and reasonably concluded that they were insufficient to justify a five and one-half year delay. The doctors' statements do not suggest that Riley was incapacitated for the entire five and one-half year period. We cannot say that the Board's decision was arbitrary, capricious, an abuse of discretion, procedurally deficient, or otherwise not in accordance with law.

For the foregoing reasons, the decision of the Board is affirmed.